UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Clifford G. Fleetwood,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-872 (UNA) |
| | ) | |
| | ) | |
| John Hickenlooper *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss a complaint upon determining that it, among other enumerated grounds, is frivolous.

Plaintiff, a resident of Fort Lauderdale, Florida, has filed a complaint captioned "Notice of a Federal Felony Criminal Complaint and Civil Complaint in a Combined Federal Criminal and Civil Action Duly and Timely Filed in the United States District Court in Washington D.C. and the U.S. Senate Judiciary Against You. This Case has been Transferred to Washington, D.C. from the United States District Court in Austin, Texas." Contrary to the caption's latter part, the complaint originated in this Court. It contains a long list of named and unnamed defendants. Plaintiff baldly alleges a "Judicial conspiracy, and a Multi-State, Multi-Pub[l]ic Agency

---

[1] The complaint's caption lists the plaintiffs as an individual and four companies. Since artificial entities can neither appear in federal court without licensed counsel nor proceed *in forma pauperis*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-203 (1993), the Court deems this action to be brought by and on behalf of Clifford G. Fleetwood only.

1

conspiracy, in attempts to extort [plaintiff's] investment holding firm . . . out of money, and assets owned, and legally held by our fully licensed investment firm." Compl. Ex. at 1.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The instant civil complaint satisfies this standard. As for the "Federal Felony Criminal Complaint," a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). So, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON
Date: April 27, 2020                                    United States District Judge